IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
:
*In re*                                                        :    **Chapter 11**
                                                               :
MAGNA ENTERTAINMENT CORP., *et al.*,                           :    **Case No. 09-10720 (MFW)**
                                                               :
                                                               :
Debtors.                                                       :    **Jointly Administered**
                                                               :    Re: Docket No. 696
---------------------------------------------------------------x
                                                               :
*In re*                                                        :    **Chapter 11**
                                                               :
MEC PENNSYLVANIA RACING SERVICES,                              :
INC.[1]                                                        :    **Case No. 09-12091 (MFW)**
                                                               :
                                                               :    **Joint Administration Requested**
Debtors.                                                       :
                                                               :    Re: Docket No. 3
---------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 105(a) OF
THE BANKRUPTCY CODE DIRECTING THAT CERTAIN ORDERS IN
THE CHAPTER 11 CASES OF MAGNA ENTERTAINMENT CORP., ET AL.,
BE MADE APPLICABLE TO MEC PENNSYLVANIA RACING SERVICES, INC.**

Upon the motion, dated June 16, 2009 (the "Motion"), of Magna Entertainment Corp. ("Magna Entertainment") and its affiliated debtors, as debtors in possession (together, the "Initial Debtors" and, collectively with Magna Entertainment's non-debtor subsidiaries, "MEC"),[2] and MEC Pennsylvania Racing Services, Inc. ("MEC Pennsylvania Racing"), a

---

[1] By this Order, MEC Pennsylvania Racing Services, Inc. shall be jointly administered under the caption of Magna Entertainment Corp., *et al.*, Case No. 09-10720 (MFW).

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: (i) Magna Entertainment Corp., 8374; (ii) The Santa Anita Companies, Inc., 6180; (iii) Los Angeles Turf Club, Incorporated, 6200; (iv) Pacific Racing Association, 5367; (v) MEC Land Holdings (California) Inc., 7410; (vi) Gulfstream Park Racing Association Inc., 6292; (vii) GPRA Thoroughbred Training Center, Inc., 2326; (viii) MEC Dixon, Inc., 7005; (ix) MEC Holdings (USA) Inc., 8494; (x) Sunshine Meadows Racing, Inc., 4288; (xi) Thistledown, Inc., 5742; (xii) MEC Maryland Investments, Inc., 4637; (xiii) 30000 Maryland Investments LLC, 1704, (xiv) Remington Park, Inc., 2024; (xv) GPRA Commercial Enterprises Inc., 6156; (xvi) Pimlico Racing Association, Inc., 4527; (xvii) The Maryland Jockey Club of Baltimore City, Inc., 3840;

subsidiary of Magna Entertainment, as debtor and debtor in possession (the "New Debtor" and, together with the Initial Debtors, the "Debtors"),[3] for an order, pursuant to section 105(a) of the Bankruptcy Code, directing that certain orders entered in the chapter 11 cases of the Initial Debtors be made applicable to the New Debtor, as more fully set forth in the Motion; and the Bankruptcy Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and the Bankruptcy Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Bankruptcy Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

2. Certain orders (collectively, the "Orders") entered in the Initial Debtors' chapter 11 cases, each of which is listed in Exhibit "B" (the "List of Orders") to the Motion, shall apply to the New Debtor effective *nunc pro tunc* to the date of commencement of the New Debtor's chapter 11 case (the "New Debtor's Petition Date"), and any orders entered after the New Debtor's Petition Date on motions that were pending in the Initial Debtors' chapter 11 cases

---

(xviii) Laurel Racing Association Limited Partnership, 0504; (xix) Laurel Racing Assoc., Inc., 0505; (xx) Prince George's Racing, Inc., 6493; (xxi) Southern Maryland Racing, Inc., 9850; (xxii) Southern Maryland Agricultural Association, 9661; (xxiii) Maryland Jockey Club, Inc., 3124; and (xxiv) AmTote International, Inc., 1143.

[3] The New Debtor in these chapter 11 cases, along with the last four digits of the New Debtor's federal tax identification number is: MEC Pennsylvania Racing Services, Inc., 9924.

on or before the New Debtor's Petition Date shall apply to the New Debtor effective as of entry of any such orders; provided, however, that to the extent that the New Debtor identifies any additional orders that should be made applicable to its case, the New Debtor shall file and serve a notice with an amended List of Orders and, absent an objection, within ten (10) calendar days of any such notice, the Debtors may file a certification of no objection with a proposed order for the Court's consideration deeming such newly identified order(s) as applicable to the New Debtor effective *nunc pro tunc* to the New Debtor's Petition Date.

3. The Orders are hereby amended to the extent provided below:

A. **Order Pursuant to Sections 105(a), 363(b), and 503(b)(1) of the Bankruptcy Code Authorizing the Debtors to Honor Prepetition Obligations to Customers and Otherwise Continue Customer Programs in the Ordinary Course of Business ("Customer Programs Order")**

1. The Customer Programs Order is hereby amended to add the following proviso at the end of paragraph 3: "and, provided, further, that MEC Pennsylvania Racing Services, Inc. may not honor (i) uncashed winning tickets in an amount to exceed $323,000, (ii) vouchers and outstanding gaming currency in an amount to exceed $233,000, and (iii) contests and other rewards programs in an amount to exceed $58,000."

B. **Order (I) Authorizing Debtors (A) to Continue Existing Cash Management Systems, (B) to Maintain Existing Bank Accounts and Business Forms, and (C) to Continue Intercompany Arrangements and (II) Extending the Time to Comply With the Requirements of Section 345(b) of the Bankruptcy Code ("Cash Management Order")**

1. Exhibit A of the Cash Management Order is hereby amended to include the bank accounts of MEC Pennsylvania Racing Services, Inc. A copy of the supplement to Exhibit A is attached hereto as Exhibit "1."

C. **Order Pursuant to Sections 105(a), 363(b), and 541 of the Bankruptcy Code Authorizing Debtors to Pay Prepetition Sales Taxes, Use Taxes, Admissions Taxes and Other Governmental Assessments ("Tax Order")**

1. The Tax Order is hereby amended to add the following proviso at the end of paragraph 2: "and, provided, further, that any amounts payable to taxing authorities by MEC Pennsylvania Racing Services, Inc. under this Order shall not exceed $400,000 in the aggregate."

2. Exhibit A of the Tax Order is hereby amended to include the governmental authorities that tax MEC Pennsylvania Racing Services, Inc. A copy of Exhibit A as amended is attached hereto as Exhibit "2."

D. **Order Pursuant to Sections 105(a), 363(b), and 507(a) of the Bankruptcy Code for an Order Authorizing the Debtors to Pay Prepetition Employee Wages, Compensation, Benefits, and Other Employee Obligations ("Wage Order")**

1. The definition of "Employee Obligations" in the Wage Order is hereby amended to include (i) outstanding prepetition wage and bonus obligations and other outstanding prepetition employee obligations such as payroll taxes and other withholdings obligations in the approximate amount of $463,000 owing to employees of MEC Pennsylvania Racing Services, Inc., and (ii) certain employee reimbursement obligations, medical insurance, disability benefits, 401(k) plans, paid time off plans, and pension plan obligations to employees of MEC Pennsylvania Racing Services, Inc. for which the Debtors are not able to estimate the total value of such obligations; *provided, however,* that no Employee shall be paid more than $10,950 in the aggregate on account of Wage Obligations and Bonus Obligations.

2. Exhibit A of the Wage Order is hereby amended to include the bank accounts of MEC Pennsylvania Racing Services, Inc. A copy of the supplement to Exhibit A is attached hereto as Exhibit "1."

E. **Final Order Determining Adequate Assurance of Payment for Future Utility Services and Scheduling Final Hearing ("Utility Order")**

1. Exhibit 1 of the Utility Order is hereby amended to include the utility service providers of MEC Pennsylvania Racing Services, Inc. A copy of Exhibit 1 as amended is attached hereto as Exhibit "3."

F. **Order Pursuant to Sections 105(a), 362(d), 363(b), and 503(b) of the Bankruptcy Code (I) Authorizing Debtors to (A) Continue Their Workers' Compensation, Liability, Property, and Other Insurance Programs, (B) Pay All Obligations in Respect Thereof and (II) Authorizing Financial Institutions to Honor and Process Checks and Transfers Related to Such Obligations ("Insurance Order")**

1. The definition of "Insurance Obligations" in the Insurance Order is hereby amended to include two insurance programs of MEC Pennsylvania Racing Services, Inc. as is reflected on the supplement to Exhibit A of the Motion requesting such relief, a copy of which is attached hereto as Exhibit "4."

G. **Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 363(c), 363(e), 364(c), 364(d)(1) and 364(e) and (B) Utilize Cash Collateral of the Prepetition Secured Lenders, (II) Granting**

Adequate Protection to Prepetition Secured Lenders, (III) Granting Related Relief (the "DIP Order")

1. The DIP Order is hereby amended to add MEC Pennsylvania Racing Services, Inc. as a guarantor under that certain Debtor-in-Possession Credit Agreement between Magna Entertainment, MID Islandi, and certain guarantors, dated March 5, 2009.

4. Unless expressly modified herein, each of the Orders remains in full force and effect.

5. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: June 17, 2009
Wilmington, Delaware

THE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE